NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BRIAN MCKAY, | ) | |
| | ) | Supreme Court No. S-15806 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-13-06629 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ANTHONY LONGVAL and | ) | AND JUDGMENT[*] |
| GENESIS HOUSE, | ) | |
| | ) | |
| Appellees. | ) | No. 1592 – July 27, 2016 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, John Suddock, Judge.

Appearances: Brian McKay, pro se, Anchorage, Appellant. Laura L. Farley, Farley & Graves, P.C., Anchorage, for Appellees.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

BOLGER, Justice, with whom MAASSEN, Justice, joins, dissenting in part.

## I.     INTRODUCTION

A self-represented father attempted to sue various defendants on his child's behalf. The defendants successfully moved for dismissal of the child's claims, without

---

[*]     Entered under Alaska Appellate Rule 214.

prejudice, on the basis that a self-represented parent may not bring a claim on behalf of a child. Despite the father's assertion that he was litigating only his child's claims, the defendants continued the litigation with motions directed toward the father's putative claims and obtained summary judgment; one defendant obtained an attorney's fees and costs award against the father.

The father appeals, arguing that the superior court: (1) erred in suggesting his child could not state a claim against the defendants; (2) should have appointed counsel or a guardian ad litem for his child; and (3) should not have awarded attorney's fees against him. We affirm the superior court's dismissal of the child's claims — without prejudice — on procedural grounds, without reaching any aspect of the merits of those claims, but we reverse the attorney's fees award.

## II. FACTS AND PROCEEDINGS

### A. Facts

Cynthia R. was convicted of controlled substance misconduct; after repeatedly violating probation conditions she was remanded to custody in April 2012. Cynthia was released on bail in May and in June she began residential substance abuse treatment at a facility operated by Genesis Recovery Services, Inc. under the name "Genesis House." Genesis House provides behavioral health services, including 24-hour monitored care. Cynthia completed residential treatment in August.

Cynthia continued living at the facility for outpatient treatment, but later admitted to her probation officer, Rachel Venta, that on two occasions while out on passes from Genesis House she had relapsed and used heroin and methamphetamines. The first reported instance occurred about October 5, and the second sometime between October 18 and October 20. Cynthia gave birth to a baby girl at the facility on October 20. The child tested positive for methamphetamines and amphetamines and suffered from withdrawals; she was removed from Cynthia's custody.

Brian McKay, the child's biological father, was granted sole legal and physical custody of the child in July 2013.

**B.    Proceedings**

In April 2013 McKay, self-represented, filed suit against multiple defendants: (1) State of Alaska, Department of Corrections, Anchorage Division of Probation and Parole; (2) Venta; (3) Genesis House; and (4) Genesis House's executive director, Anthony Longval. The suit's caption reflected that McKay was proceeding "individually and [o]n behalf of [P.R.,] a minor child, as parent and guardian."[1] McKay alleged that on numerous occasions, including several times during Cynthia's stay at Genesis House, he had informed Venta he suspected Cynthia was using drugs while pregnant. McKay claimed that Cynthia was purchasing and using drugs while residing at the facility and that drug tests administered at Genesis House were being "ignored, altered or destroyed to conceal the[] facts [of Cynthia's drug use]." McKay, as the "plaintiff," made several allegations "on behalf of the minor child" regarding the defendants' conduct and its connection to the child's health problems.

McKay claimed that pursuant to AS 47.17.020(a),[2] Venta and Genesis

---

[1]    McKay successfully petitioned to change the child's surname in January 2014. The child's initials now are "P.M.," but because in the superior court the child primarily was referred to as "P.R.," we use that designation to limit confusion.

[2]    In relevant part, AS 47.17.020 provides:

> (a) The following persons who, in the performance of their occupational duties . . . have reasonable cause to suspect that a child has suffered harm as a result of child abuse or neglect shall immediately report the harm to the nearest office of the [Department of Health and Social Services]:
>
> . . . .

(continued...)

House were required to report events that placed the unborn child at risk of substantial physical harm. He asserted that "[t]he sole purpose of Cynthia['s] . . . placement in Genesis House by [the State] . . . [was] that she was a drug addict, with unborn child, who desperately needed help with her addictions to ensure the health, safety[,] and welfare of that unborn child." McKay also asserted that the defendants "knowingly allowed Cynthia . . . to continue using drugs while pregnant[,] opting not to report or intervene." He contended that the defendants were "negligent in all attempts" to ensure P.R.'s welfare; that as a result, the child was harmed *in utero* and born addicted to drugs; and that "there is no guarantee that the actions of the . . . defendants [did] not put the child's future health, safety, and welfare in jeopardy as well." McKay sought past and future damages for loss of enjoyment of life, medical expenses, travel expenses, emotional distress, lost wages and other economic damages, and loss of consortium. The complaint asserted claims based only on duties to P.R. rather than any duty to McKay.

Venta and the State separately answered the complaint in May and June, respectively. Genesis House and Longval (collectively Genesis House) jointly answered the complaint in June. All the defendants asserted affirmative defenses; Venta and the State asserted a third-party claim against Cynthia, alleging that she had and breached a duty of care to the unborn child. McKay filed responsive pleadings that, among other

---

[2]    (...continued)
            (3) peace officers and officers of the Department of
    Corrections; [and]

            . . . .

            (7) paid employees of an organization that provides
    counseling or treatment to individuals seeking to control their
    use of drugs or alcohol . . . .

things, manifested he was asserting claims arising solely from alleged duties of care to P.R., not duties of care to himself.

In June Venta and the State jointly filed a motion to dismiss P.R.'s claims, without prejudice, for failure to secure licensed legal representation for the lawsuit. Genesis House joined the motion. McKay did not substantively oppose the motion, but on July 16 filed a document titled "Notice to the Court of Plaintiff's Intention to Seek Counsel." Explaining that he and P.R. had to file as indigents to initiate the action, McKay stated that without a large sum of funds to advance, "it is almost impossible to find proper representation." McKay also conveyed that "[t]o date, the plaintiffs have been unable to retain a lawyer who has no conflict of interest with the State of Alaska" and expressed that "*dismissal of this matter* based on the fact that a [p]ro se litigant cannot represent his child in court is tantamount to a denial of justice and access to the Court itself." (Emphasis added.) McKay implored the court to "find it in its heart to provide temporary counsel for the minor child," or grant additional time to find a lawyer "before *dismissing the case*." (Emphasis added.)

Also in June Genesis House filed a motion to dismiss the lawsuit under Alaska Civil Rule 12(b)(6).[3] The basis of the motion was that AS 47.10.960(a)[4] forecloses civil liability resulting from a violation of AS 47.17.020(a). McKay did not oppose the motion.

In July the superior court granted the motion to dismiss, agreeing that "a minor can only appear through an attorney"; the court also granted Genesis House's Rule 12(b)(6) motion, with the following reservation: "This order does not dismiss

---

[3]     Alaska R. Civ. P. 12(b)(6) provides for dismissal of a suit for failure to state a claim upon which relief can be granted.

[4]     AS 47.10.960(a) states that "[f]ailure to comply with a provision of this title does not constitute a basis for civil liability for damages."

[McKay's] claim . . . that defendants negligently failed to prevent . . . [Cynthia] from using drugs while pregnant, a claim [Genesis House] do[es] not address in their [Rule] 12(b)(6) motion." The court did not explain why it believed McKay's claim remained a live issue after dismissing all of the claims brought on P.R.'s behalf.

In March 2014 — nine months later — Genesis House moved for summary judgment and dismissal of the putatively remaining claim that Genesis House was culpable in failing to prevent Cynthia from using drugs while pregnant with P.R., arguing that it did not owe *McKay* a legal duty of care. McKay opposed the motion, stating that he agreed he could not file a pro se suit on behalf of his child but that his intent was to "[w]ithdraw his name from th[e] suit, as a party"; secure a licensed attorney "to represent the legal rights and interests of the minor child"; and if necessary "pursue a separate suit regarding this matter." He continued to assert that the State had an obligation to act as a guardian for its vulnerable citizens, such as children like P.R. Genesis House replied, contending that McKay made no valid legal arguments and that it still owed *him* no duty of care.

In July Venta and the State jointly moved for summary judgment, arguing that AS 47.10.960(a)[5] and discretionary function immunity barred the final claim, and also that neither Venta nor the State owed *McKay* a duty of care. McKay did not oppose that motion, but one week later filed a "Motion to Dismiss Brian McKay as a Named Party and Plaintiff, on the Behalf of the Minor Child, Appoint a Guardian Ad Litem on the Behalf of the Minor Child Under AK. R. Civ. P. 17(c) and Order All Parties to Incur Their Own Costs of All Litigation." McKay posited that based on Alaska Civil

---

[5]     *See id.*

Rule 17(c)[6] he had originally believed he could proceed pro se on behalf of P.R. even though he was not an attorney. He then stated that he recognized "[a]s a matter of law" that he "cannot be a party to this litigation." McKay also related that he "filed this suit on behalf of the minor child, P.R.," but that "[t]he defendant[s'] pleadings have focused only on McKay's role as a plaintiff and his potential injuries and loss[es]." He contended that focusing on him resulted in the defendants "ignoring the past, present, and future injuries, impact[,] and loss[es] [to] the minor child." He reiterated that the lawsuit was never for his benefit, but was "about a loving father's efforts to protect the . . . welfare of the minor child." He again expressed that P.R. should not miss her opportunity to "hav[e] her day in court" for want of an attorney, and requested an appointment of a "guardian ad litem/attorney" pursuant to Rule 17(c).[7]

The defendants all agreed to dismissal of McKay as a plaintiff or of his "claims," but they objected to the appointment of a guardian ad litem or counsel for P.R. Venta and the State agreed to bear their own litigation costs, but Genesis House opposed fully incurring its own costs, instead seeking a prevailing party determination. McKay maintained in reply that "presently, the minor child is without counsel and not a party to

---

[6] As pertinent here, the rule provides: "Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person."

[7] Relevant to McKay's request, the rule establishes:

An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

litigation that is solely about her personal or property rights." He added that "[i]f this Court had appointed this minor child a guardian ad litem, McKay would have immediately withdrawn as a party to this case."

The superior court held a hearing in September 2014. In an oral order the court addressed the summary judgment arguments for the putatively remaining claim, declined to appoint a guardian ad litem for P.R., and accorded the defendants complete relief. The court did not address appointment of counsel. Final judgment was entered in November and later modified to add a prevailing party attorney's fee award. The court awarded Genesis House $2,864 in attorney's fees and $198.81 in costs.

McKay appeals, but only as to Genesis House. McKay's stated issues on appeal are that: (1) the superior court should have considered P.R. to be a child in need of aid due to acts of physical harm caused by Genesis House and should have appointed counsel or a guardian ad litem; (2) the superior court erred in failing to acknowledge that Genesis House owed P.R. a duty of care to prevent Cynthia from using drugs; (3) the superior court erred by awarding Genesis House attorney's fees; and (4) a criminal investigation should be initiated regarding the incidents giving rise to the action.

## III.   DISCUSSION

### A.   The Child's Claims

Our case law is clear that a parent, filing an action pro se, may not act as a legal representative on behalf of a minor child.[8] The defendants moved on this basis to

---

[8]      In *Shields v. Cape Fox Corp.* we held that although a parent may sue on behalf of a minor child, the parent "cannot generally represent [the] minor, even as a plaintiff, without counsel." 42 P.3d 1083, 1086 (Alaska 2002) (citing *Johns v. Cty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997)). In *Shields* we approvingly quoted a Ninth Circuit Court of Appeals opinion reasoning that:

> The issue of whether a parent can bring a pro se lawsuit on

(continued...)

dismiss P.R.'s claims without prejudice, and McKay did not oppose the motion. On the record before the superior court, its dismissal order was legally correct when issued, and we affirm it.[9]

We observe that McKay's appeal of the counsel appointment issue implicates a due process concern: Would it violate due process if a minor's personal injury claims expired under the statute of repose because no attorney could be found to represent the minor; the parent was prohibited from bringing the suit without legal representation; and the court did not appoint the minor counsel?[10] But this question was

---

[8]     (...continued)
behalf of a minor "falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court." Accordingly . . . a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.

*Id.* at 1086 n.3 (citation omitted) (quoting *Johns*, 114 F.3d at 877) (quoting *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 172 (E.D.Va.1994)).

[9]     We therefore do not reach McKay's appeal points about the merits of the claims brought on P.R.'s behalf, which were not truly litigated. We also do not consider McKay's request for an investigation into the facts underlying the claims brought on P.R.'s behalf; we are not the appropriate forum for such a request.

We affirm the superior court's decision declining to appoint a guardian ad litem on the procedural grounds that the explicit request was not made until one year after the court properly dismissed P.R.'s claims, without prejudice, so there was no basis to appoint a guardian ad litem for P.R.

[10]     McKay appears to believe that a two-year statute of limitations for P.R.'s claims began at P.R.'s birth, so that he was "forced to pursue" the lawsuit when he did. *Cf.* AS 09.10.070 (generally providing two-year statute of limitations for tort claims). But there is a tolling provision for minors during their minority, *see* AS 09.10.140(a), and we have held that subsection (c), a statutory limitation on that tolling provision, is an unconstitutional restriction on minors' access to the courts. *Sands ex rel. Sands v.*
(continued...)

raised indirectly at best and not briefed by the parties,[11] and it seems best left for another day. P.R.'s claims were dismissed without prejudice, causing no present detriment to her legal rights. Under a number of scenarios, it is possible that P.R.'s ability or desire to assert those claims will never be hindered by imposition of the statute of repose. We

---

[10]      (...continued)
*Green*, 156 P.3d 1130, 1136 (Alaska 2007).

Under a pure statute of limitations analysis then, P.R., self-represented if necessary, may bring her claims within two years after turning 18 years old. But *Sands* left open the question whether the existing statute of repose — AS 09.10.055, which in the context of this case could bar P.R.'s claims when she turns 10 years old — would similarly be an unconstitutional restriction on minors' access to the courts. *Id.* at 1136 n.30; *cf. id.* at 1138-39 (Eastaugh, J., dissenting) (noting main holding "inexorably implies" statute of repose is similarly unconstitutional). Accordingly, we frame McKay's argument in terms of the statute of repose.

[11]      McKay's most substantive request for counsel appointment was in his July 2013 "Notice to the Court of Plaintiff's Intention to Seek Counsel." But the filing contained no legal arguments or citations to authority and provided no evidentiary premise. McKay's counsel appointment arguments are waived. *See Harvey v. Cook*, 172 P.3d 794, 802 (Alaska 2007) ("[I]ssues not properly raised in the trial court will not ordinarily be considered on appeal" because generally, "a party seeking to raise an issue on appeal must have raised it and offered evidence on it in the trial court."); *Gilbert v. Sperbeck*, 126 P.3d 1057, 1062 (Alaska 2005) ("[E]ven when a pro se litigant is involved, an argument is considered waived when the party 'cites no authority and fails to provide a legal theory' for his or her argument." (quoting *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (Alaska 2004))).

To the extent that McKay contends P.R. should have been deemed a child in need of aid and appointed counsel, this argument was not raised below and is without merit. The child in need of aid statutes protect abused or neglected children, providing for temporary custodial placement or termination of parental rights. *See* AS 47.10.011, .080(c), .088(a). P.R. was not the subject of protective proceedings.

conclude that the abstract question regarding the possible time-barring effect of the statute of repose is not ripe for decision at this time, and we decline to consider it.[12]

B.    The Attorney's Fees And Costs Award

It is unfortunate that this litigation progressed beyond the superior court's July 2013 dismissal order. A few days prior to that order McKay filed his "notice" reflecting that: (1) the lawsuit was on behalf of P.R.; (2) he previously thought he could legally represent P.R.; (3) he recognized that he could not legally bring the lawsuit for P.R.; and (4) he wanted to obtain a lawyer so P.R.'s lawsuit would not be dismissed. It is evident McKay believed that without a lawyer to represent the minor, the entire suit was being dismissed.

But nearly a year later Genesis House moved for summary judgment on the putatively remaining claim on the basis that it had no legal duty to McKay. Consistent with the actual pleadings and his earlier notice to the court, McKay responded, again, that the focus was being unduly placed on him and not P.R., and he asked that he be removed from the lawsuit because he could not legally bring P.R's claims. When that eventually occurred, Genesis House was deemed the prevailing party and was awarded attorney's fees for defending claims McKay appears not to have intended to present or pursue.

We recognize trial courts face challenges ensuring that self-represented parties' pleadings are liberally construed to identify and resolve potential claims on their

---

[12]    The ripeness doctrine cautions that "courts should decide only 'a real, substantial controversy,' not a mere hypothetical question." *Brause v. State, Dep't of Health & Soc. Servs.*, 21 P.3d 357, 359 (Alaska 2001) (quoting *State v. Patterson*, 740 P.2d 944, 949 n.18 (Alaska 1987)). The controversy should be of "sufficient immediacy and reality" to necessitate a court's consideration, and the issue should be "fit[] . . . for judicial decision." *Id.* (quoting 13A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3532, at 112 (2d ed. 1984)).

merits.[13] But P.R.'s claims were dismissed without prejudice on procedural grounds, and McKay had given the court and the parties reason to believe he understood the entire case would be over. Without at least a status conference to determine what, if any, claim McKay truly was still pursuing, it should have been clear that continued litigation was unnecessary. It therefore was an abuse of discretion to find that Genesis House was a prevailing party entitled to an attorney's fees and costs award for the unnecessary litigation.[14]

## IV. CONCLUSION

We AFFIRM the dismissal, without prejudice, of the claims brought on P.R.'s behalf. We REVERSE the attorney's fees and costs award to Genesis House. We REMAND for entry of a new final judgment consistent with this decision.

---

[13] *See Cook v. State*, 312 P.3d 1072, 1090 (Alaska 2013) ("The pleadings of pro se litigants are liberally construed."); *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) ("[T]he pleadings of pro se litigants should be held to less stringent standards than those of lawyers."). *See also Gamble v. Northstore P'ship*, 907 P.2d 477, 482 (Alaska 1995) (recognizing the general principle that "pleadings are to be liberally construed . . . to achieve substantial justice").

[14] *See Lee v. Konrad*, 337 P.3d 510, 518 (Alaska 2014) ("An award of attorney's fees, including a superior court's prevailing-party determination, is . . . reviewed for abuse of discretion.").

Although McKay's pro se brief is not a model of clarity, we disagree with the dissent that this issue cannot be discerned from the following paragraph:

> The dismissal of the minor child as the party to the case is the sole reason why McKay owes any attorney's fees to the defendant Genesis House. McKay's case was not an abuse of the judicial process, but instead an attempt to act on behalf of his minor child where the State of Alaska [or] any other agency failed to do so. It is based on this reasoning that McKay appeals the awarding of any attorney's fees to the defendant . . . .

BOLGER, Justice, with whom MAASSEN, Justice, joins, dissenting in part.

I disagree with the court's decision to reverse the judgment for attorney's fees and costs on the basis that this litigation was unnecessary. This issue is raised for the first time in the court's opinion; McKay never argued this theory in the superior court or in his briefing for this appeal.

Ordinarily if an appellant fails to raise an argument in the opening brief then the argument is waived, even if the appellant is proceeding pro se.[1] McKay's references to attorney's fees in his briefs challenge only the timeliness of Genesis's motion for attorney's fees[2] and whether it is reasonable to require an unsuccessful litigant to pay such fees when the litigant was allegedly "forced" to bring a matter on behalf of a minor that the State failed to represent. McKay did not raise any other issue about the attorney's fees award in his opening brief.

Procedural fairness requires that parties be given an adequate hearing, which includes the principle that "[p]arties must have notice of the subject of proceedings that concern them 'so that they will have a reasonable opportunity to be heard.' "[3] Thus a court generally should not decide an issue "without giving notice that

---

[1]    *Rodriguez v. Alaska State Comm'n for Human Rights*, 354 P.3d 380, 387-88 (Alaska 2015); *see also Gates v. City of Tenakee Springs*, 822 P.2d 455, 460 (Alaska 1991) (concluding that pro se litigant abandons claims addressed only cursorily or not at all in appellate brief).

[2]    The reason for McKay's concern is unclear in the absence of any further argument. The superior court distributed by mail a final judgment in the form requested by Genesis on November 12, 2014. The motion for attorney's fees was filed on November 21, 2014, within ten days of the date indicated on the clerk's certificate of distribution. *See* Alaska R. Civ. P. 82(c) (motion for attorney's fees "must be filed within 10 days after the date shown in the clerk's certificate of distribution").

[3]    *Price v. Eastham*, 75 P.3d 1051, 1056 (Alaska 2003) (quoting *Potter v.*
(continued...)

it [will] consider the issue or providing [the parties] the opportunity to present argument about it."[4]  In this case, Genesis has not received any opportunity to address whether the superior court should have terminated this litigation at an earlier stage because McKay did not raise that issue.  We thus risk a violation of due process by reversing the trial court on an issue that Genesis did not have an opportunity to brief.[5]

But even if McKay had raised this issue in his brief, he failed to preserve it for appeal, and the superior court did not otherwise abuse its discretion in awarding attorney's fees to Genesis.  The court's opinion suggests that the record clearly establishes that McKay was not trying to bring claims on his own behalf.  But McKay's complaint stated that he *was* asserting individual claims.  In both the caption and the first paragraph, McKay asserted that he was bringing his complaint "individually and on behalf of his minor child, PR."  In paragraph 6.1, the complaint alleged that "[t]he plaintiffs" have suffered damages including "loss of consortium."  And in his prayer for relief, McKay requested that the court award "the plaintiffs" judgment for the damages

---

[3]      (...continued)
*Potter*, 55 P.3d 726, 728 (Alaska 2002)).

[4]      *Runstrom v. Alaska Native Med. Ctr.*, 280 P.3d 567, 573 n.16 (Alaska 2012).

[5]      *Shepherd v. Haralovich*, 170 P.3d 643, 651 (Alaska 2007) (Eastaugh, J., dissenting) ("Ruling against an appellee on an issue the appellant has not raised deprives the appellee of notice and an opportunity to be heard."); *see also Rodriguez*, 354 P.3d at 387-88 ("Although we require courts to provide some procedural guidance for a pro se litigant when it is clear what 'action he or she is obviously trying to accomplish,' the failure to raise an argument in an opening brief leaves the other party with no notice or opportunity to respond." (quoting *Hymes v. DeRamus*, 222 P.3d 874, 887-88 (Alaska 2010))).

they had incurred. Under the standards we have established for pro se litigants, the superior court was required to liberally construe these allegations and to resolve the potential claims that McKay asserted on his own behalf[6] — as the superior court did.

The State filed a motion to dismiss the minor plaintiff's claims without prejudice, arguing that a pro se litigant could not represent another party. Genesis joined in this motion. In response, McKay filed a notice requesting an extension of time to find legal counsel. The notice may have indicated McKay's misunderstanding that the entire case was in jeopardy because "a [p]ro se litigant cannot represent his child in court." But this notice did not ask the court to dismiss McKay's individual claims or suggest that McKay intended to abandon them. Instead, the notice asked for more time to allow McKay to pursue the claims he was asserting "individually and on behalf of his minor child, PR."

A few days later, the superior court clarified the status of the claims asserted in McKay's complaint. It entered an order dismissing the minor's claims "in that a minor can only appear through an attorney." On the same day, it dismissed McKay's claims alleging violations of AS 47.17.020(a)(7).[7] This second order made it clear that the court was not dismissing "plaintiff's claim at ¶ 5.6 [of the complaint] that defendants negligently failed to prevent Ms. Ramirez from using drugs while pregnant."

At this point, it should have been clear to all parties that the court had interpreted McKay's complaint to include the individual claims it asserted. And when read together, the court's orders indicated that McKay still had an individual claim that

---

[6]    *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) (stating that the pleadings of pro se litigants are held to less stringent standards than those of lawyers).

[7]    *See* AS 47.17.020(a)(7) (imposing a duty on "paid employees of an organization that provides counseling or treatment to individuals seeking to control their use of drugs or alcohol" to report suspected child abuse or neglect).

had not been dismissed.  Based on our case law protecting pro se litigants, I believe it was reasonable for the court to reach those conclusions.  Indeed, it would have been incorrect for the superior court to dismiss McKay's remaining individual claim at that point.[8]

I also believe it was reasonable for Genesis to file a motion for summary judgment to resolve this remaining claim.  In his opposition to that motion, McKay first stated it was his intention to "[w]ithdraw his name from this suit, as a party."  It is true this statement suggests that — at some point — McKay had decided he no longer wished to pursue his individual claim.  But this statement also suggests McKay knew he had asserted the individual claim that he now intended to withdraw.  Nothing in the prior proceedings notified the court or the defendants of this intent.

McKay did not make his intentions clear until July 2014 when he filed a motion to dismiss his individual claims.  In this motion, McKay argued that he should not be required to pay the defendants' attorney's fees because their legal expenses were "a direct result of their . . . attempts to deny any responsibility for the injuries to the minor child."  McKay did not assert that Genesis was not entitled to fees because it had prolonged the litigation.  In response, Genesis argued that it was entitled to fees under the terms of Civil Rule 82(a) because it was the prevailing party.  McKay did not respond to this argument in his reply.

After the superior court granted its motion for summary judgment, Genesis filed a routine motion for attorney's fees under Rule 82(b)(2) supported by a detailed fee affidavit.  McKay did not respond to this motion.  McKay never raised any argument that the fees were excessive because his claims should have been dismissed at an earlier stage

---

[8]     *Adkins v. Stansel*, 204 P.3d 1031, 1035-36 (Alaska 2009) (reversing dismissal of a pro se complaint that could be read to state a viable claim).

in the proceedings.[9] Based on the record before it, the superior court's decision to grant the fees requested by Genesis was not an abuse of discretion.

_____

[9]    *See Thoeni v. Consumer Elec. Servs.*, 151 P.3d 1249, 1257 (Alaska 2007) ("[A] pro se litigant who fails to raise an issue below should not be able to raise the issue on appeal absent plain error.").